MARY E. CAMPBELL, Appellant, *v.* RICHMOND LIGHT AND RAILROAD COMPANY, Respondent.

Railroads — negligence — contributory negligence — erroneous dismissal of complaint in action to recover for injuries received from being struck by street car — questions of fact for the jury.

Defendant operated a single-track electric road. Plaintiff was not acquainted with that fact and stood so near the track while waiting for a car, in the full illumination of an electric arc light, that the side of a car coming around a curve from the opposite direction from that which she anticipated struck her umbrella and she was thrown to the ground and injured. The motorman seeing her position, knowing the

distance the car overhung the track and that if he proceeded without giving warning or checking the car, he would strike the umbrella, which she held to protect herself from the rain, might have been found negligent. Plaintiff's negligence was also a question of fact.·

*Campbell* v. *Richmond Light & R. R. Co.*, 181 App. Div. 320, reversed.

(Argued March 12, 1920; decided April 13; 1920.)

APPEAL from a judgment, entered February 20, 1918, upon an order of the Appellate Division of the Supreme Court in the second judicial department reversing a judgment in favor of plaintiff entered upon a verdict and directing a dismissal of the complaint.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Don R. Almy* and *William S. Evans* for appellant. The Appellate Division erred in finding that the plaintiff was guilty of contributory negligence as a matter of law. (*Knapp* v. *Barrett*, 216 N. Y. 226; *Mullen* v. *Schenectady Ry. Co.*, 214 N. Y. 300; *Breese* v. *Nassau E. R. Co.*, 162 App. Div. 455; *Schoenfeld* v. *N. Y. Rys.*, 88 Misc. Rep. 21; *Moebus* v. *Herrman*, 108 N. Y. 349; *Baker* v. *Close*, 204 N. Y. 92; *Hickman* v. *Schimper & Co.*, 125 App. Div. 216; *Buscher* v. *N. Y. T. Co.*, 106 App. Div. 493; *Mitchell* v. *T. A. R. R. Co.*, 62 App. Div. 371; *Kettle* v. *Turl*, 162 N. Y. 255; *Halliday* v. *B. H. R. R. Co.*, 59 App. Div. 57.) The Appellate Division erred in finding that there is no evidence of the negligence of defendant. (*Neary* v. *Citizens Light & Power Co.*, 110 App. Div. 769; *Farout* v. *Brooklyn Heights R. R. Co.*, 14 Misc. Rep. 398; *Fandell* v. *Third Avenue R. R. Co.*, 15 App. Div. 426; *McDermott* v. *Brooklyn Heights R.·R. Co.*, 39 App. Div. 214; *Towner* v. *Brooklyn Heights R. R. Co.*, 44 App. Div. 628; *Schwartzbaum* v. *Third Avenue R. R. Co.*, 54 App. Div. 164; *Lamb* v. *Union R. R. Co.*, 125 App. Div. 286; *Lalor* v. *City of New York*, 208 N. Y. 431; *Carlisle* v. *Norris*, 215 N. Y.

403; *Scarlett* v. *D., L. & W. R. R. Co.*, 222 N. Y. 155; *Middletown* v. *Whitridge*, 213 N. Y. 499.)

*Guy O. Walser* and *Bertram G. Eadie* for respondent. The plaintiff's complaint was properly dismissed by the Appellate Division because plaintiff was guilty of contributory negligence, and the defendant was not negligent. (*Merserole* v. *B. C. R. R. Co.*, 10 N. Y. Supp. 813; *Bremiller* v. *B., R. & P. R. R. Co.*, 90 Hun, 226; *Ramsey* v. *N. Y. C. R. R. Co.*, 4 Wkly. Dig. 396; *Steves* v. *Oswego & S. R. R. Co.*, 18 N. Y. 422; 24 N. Y. 430; *Balla* v. *Met. St. Ry. Co.*, 27 Misc. Rep. 775; *Biederman* v. *Dry Dock, E. B. & B. R. R. Co.*, 54 App. Div. 291; *Hickman* v. *Nassau El. R. R. Co.*, 36 App. Div. 376; *McQuade* v. *Met. St. Ry. Co.*, 17 Misc. Rep. 154; *Mastin* v. *City of New York*, 201 N. Y. 81; *Warshansky* v. *Balteransky*, 94 Misc. Rep. 182.) The Appellate Division had power to dismiss the complaint. (*Peterson* v. *Ocean El. Ry. Co.*, 161 App. Div. 720; *Meisle* v. *N. Y. C. R. R. Co.*, 219 N. Y. 319; *Middleton* v. *Whitridge*, 213 N. Y. 499.)

ANDREWS, J. Castleton avenue, on Staten Island, running east and west, crosses Burger avenue at right angles. Some two hundred feet to the west of the intersection it curves toward the south. Through it is built a single-track electric railway, the rails being laid in substantially the position where the east-bound tracks would ordinarily be had the railroad been double-tracked.

On the evening of May 16, 1916, there was a heavy rain storm with a high wind from the west. Mrs. Campbell wished to take a car running to the east. She, therefore, crossed Castleton avenue from the north and stood upon the south sidewalk. Looking in the direction from which her car would come her view was interrupted by the curve, and she feared that she might not be able to give sufficient notice of her intentions. She, therefore,

25

stepped on to the pavement and stood twenty feet west of the street corner, and half way between the curb and the track in the place where passengers wishing to take east-bound cars were accustomed to stand. The night was dark but she was in the full illumination of an electric arc light. She was carrying an umbrella and attempting to protect herself as far as possible from the driving rain. She did not know it was a single-track road. She had been accustomed to double tracks in New York city and assumed that these tracks were laid in the same way. She supposed, therefore, that any car coming upon the track next her would be from the west. With this idea in mind she gave her chief attention to that direction, although every half minute she looked to the east so as to protect herself from automobiles or wagons upon the wrong side of the highway.

Five minutes later a car from the east approached at a high rate of speed. This she neither saw nor heard. The motorman, however, discovered her position as the car entered Burger avenue some seventy feet from her. It could have been stopped within forty-seven feet, as the motorman says he actually did stop it within that distance when he applied the brakes. Instead of checking its speed, however, and without giving any warning signal he ran at full speed past her. As he did so the side of the car struck her umbrella. Mrs. Campbell was twisted around, thrown to the ground and injured. The speed of the car is indicated by the fact that after the collision it ran over three hundred and fifty feet.

Under these circumstances the jury might find that the motorman was negligent. Seeing her position, knowing the distance which the car overhung the track, realizing that if he proceeded he would strike her umbrella if not the plaintiff herself, not checking the car or giving any warning whatever, he runs at high speed past her, and the accident results.

As to the plaintiff's own negligence there was also a

question of fact.   Had she looked to the east at the right moment she could have seen the car approaching.   Seeing it approach, no nice calculation of distance, no ignorance as to whether a car in ordinary use overhung the track twelve inches, or fourteen or twenty would avail her.   But as a matter of law was she bound to keep a more careful watch in that direction than she shows .she did?   She supposed that the only car that could strike her would come from the west.   Under the circumstances such a supposition was not unreasonable.   She was unfamiliar with Castleton avenue and the position of the tracks upon it.   They might well have misled her.   It is true that a few minutes before the accident she had crossed the street, but in the storm and wind occupied in preserving her clothing from the rain, with her attention necessarily distracted, we cannot say that she must at her peril see whether the railroad was laid with one track or two. Trolley tracks are flush with the pavement.   There are no projections which force the attention of the traveler in the street, and situated as was the plaintiff on the night in question her story that she did not observe their position may well be true.   In any event upon this appeal she is to receive the benefit of all disputed testimony.

The judgments should be reversed and a new trial granted, with costs to abide the event.

Chase, Collin, Pound and Crane, JJ., concur; Cardozo, J., concurs in result; Hiscock, Ch. J., not voting.

Judgments reversed, etc.